

FILED

October 16, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 9:25 A.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **FREDERICK MITCHELL,** | ) | **Docket No. 2015-08-0466** |
| **Employee,** | ) | |
| v. | ) | **State File No. 87011-2014** |
| | ) | |
| **MEMPHIS LIGHT, GAS & WATER,** | ) | **Judge Amber E. Luttrell** |
| **Employer.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the Court on September 20, 2017, for a Compensation Hearing. The parties stipulated Mr. Mitchell sustained a compensable back injury on October 29, 2014, and presented competing impairment opinions from Dr. Riley Jones, the authorized treating physician, and Dr. Samuel Chung, Mr. Mitchell's evaluating physician. The legal issue before the Court is whether Mr. Mitchell successfully rebutted the presumption of correctness afforded Dr. Jones' impairment opinion by a preponderance of the evidence. For the reasons set forth below, the Court holds Mr. Mitchell failed to do, thus Mr. Mitchell is not entitled to the requested permanent partial disability benefits.

### History of Claim

Mr. Mitchell works for Memphis Light, Gas & Water (MLGW) as a foreman, which involves processing paperwork and assisting his lead person with setting up and executing jobs correctly. On October 29, 2014, Mr. Mitchell sat in his parked truck on the side of the road when a bus side-swiped the driver's side of his truck, breaking the mirror and scratching the paint. He quickly twisted his body to the right away from the impact, which caused back pain and a headache. After the accident, Mr. Mitchell exited the truck, reported his injury to his boss, and contacted the police.[1]

---

[1] The parties stipulated to findings of fact in the Appendix of this Order and more fully set forth in the Technical Record as Exhibit 13.

1

### a. Dr. Jones

After initial treatment for a back strain, MLGW provided Mr. Mitchell a panel of orthopedic physicians from which he selected Dr. Riley Jones at Memphis Orthopedic Group. Mr. Mitchell saw Dr. Jones and complained of lumbosacral back pain without numbness, tingling, or radiating pain. On exam, Mr. Mitchell exhibited moderate pain to palpation of his right and left paraspinal muscles. Otherwise, Dr. Jones noted a normal exam. He ordered x-rays, which showed no bony abnormalities. He diagnosed a lumbosacral strain, prescribed a muscle relaxant, and ordered physical therapy and sedentary duty.[2] (Ex. 5.)

Mr. Mitchell saw Dr. Jones on two more occasions and noted improvement. At his last visit of December 3, 2014, Dr. Jones noted Mr. Mitchell reported his pain had resolved with minimal soreness and he was able to work without limitations. On exam, Dr. Jones noted no tenderness or pain. *Id.* at 15. He concluded that Mr. Mitchell had reached maximum medical improvement and returned him to full duty work. Mr. Mitchell never returned to Dr. Jones for further treatment. (Ex. 4 at 63.) Dr. Jones never took Mr. Mitchell off work during the course of his treatment.

In addressing permanent impairment, Dr. Jones assigned a zero-percent impairment based upon the Sixth Edition of the AMA Guidelines. He referenced Table 17-4, diagnosed "soft tissue and non-specific conditions," (p. 570) and placed Mr. Mitchell's condition in Class 0 for purposes of rating impairment from the condition. (Ex. 4 at 65.) Class 0 requires a "documented history of sprain/strain-type injury, now resolved, or occasional complaints of back pain with no objective findings on examination." In support of his rating, Dr. Jones testified within a reasonable degree of medical certainty,

> [W]e had no structural changes. We had nothing that looked like a ruptured disc. He had done extremely well. We didn't even have to do an MRI or anything like that on him. And so based on the fact that he was having no problems, we gave him a zero rating, which was in accordance with the sixth edition of the AMA Guides.

(Ex. 5 at 15.)

Dr. Jones reviewed Dr. Chung's report and disagreed with his diagnosis of

---

[2] Dr. Jones' records indicated his diagnosis was "lumbar stenosis." However, Dr. Jones testified the records reflected a coding error because "lumbosacral strain" is a similar code. Dr. Jones testified he did not see any evidence of lumbar stenosis on exam. (Ex. 5 at 10.)

discogenic back pain, which Dr. Jones explained "usually refers to a radicular type pain." *Id.* at 19. He stated Mr. Mitchell's complaints and examinations were not consistent with discogenic back pain. Rather, Dr. Jones testified Mr. Mitchell "had more muscular pain than anything else." *Id.* at 16-17.

### b. Dr. Chung

Mr. Mitchell saw Dr. Chung for an independent medical evaluation (IME) on November 12, 2015, at his attorney's request. Dr. Chung reviewed Dr. Jones' records and took a history from Mr. Mitchell in which he reported low back pain with extended standing and stooping and worsening pain when he transferred from sitting to standing. Mr. Mitchell denied any radicular symptoms or isolated muscle weakness in his lower extremity. On exam, Dr. Chung noted decreased lumbar extension and side bending to the right. Dr. Chung further noted tightness in the right paraspinals in the L4-L5 region on rotation to the right side, side bending, and extension. Finally, he noted pain in the lumbosacral junction in the prone position and left sacral sulcus area with deep palpation.

Dr. Chung diagnosed discogenic back pain, which he testified is "when the disc is inflamed or injured, more likely from the injury to the annular fibrosis or a slight tear." Although Dr. Chung conceded that a physician would need an MRI, which Mr. Mitchell did not have, to confirm an annular tear, he diagnosed discogenic back pain anyway based on Mr. Mitchell's mechanism of injury and symptoms. (Ex. 6 at 15-16.)

In addressing impairment, Dr. Chung assigned a three-percent permanent impairment rating to the whole person based on the same table in the AMA Guidelines that Dr. Jones utilized in formulating his zero-percent impairment rating. However, Dr. Chung placed Mr. Mitchell in Class 1, which requires a "documented history of sprain/strain type injury with continued complaints of axial and/or non-verifiable radicular complaints and similar findings on multiple occasions." (Dr. Chung's deposition, Ex. 3.) To calculate the impairment, Dr. Chung applied the grade modifiers for function history and physical exam. He stated the net adjustment was plus 1, which placed Mr. Mitchell's condition in Grade D and correlated to the max impairment of three-percent in Class 1.

### Hearing Testimony

### a. Mr. Mitchell

Mr. Mitchell testified he continues to have low back pain. He cannot stand long periods of time without leaning or sitting. He stated he "lives with pain and takes Aleve." Mr. Mitchell testified that he is able to perform his job as a foreman because he sits often preparing paperwork. He believed he would have difficulty performing his prior jobs at MLGW as a lead man, machine operator, or utility worker because of his back pain.

3

On cross examination, Mr. Mitchell denied telling Dr. Jones that his pain resolved at his last visit. Although he continued to have symptoms, Mr. Mitchell acknowledged he never returned to Dr. Jones or another physician for treatment.

### b. *Officer Marvin Walters*

MLGW called Officer Walters of the Memphis Police Department to testify at the hearing. He investigated the accident scene and prepared a report.[3] Officer Walters spoke to Mr. Mitchell at the scene, and Mr. Mitchell did not report any injuries to him. However, Officer Walters acknowledged on cross-examination that it is common for individuals to seek treatment later following a motor vehicle accident.

## Findings of Fact and Conclusions of Law

Mr. Mitchell has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "At a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2016).

### *Compensability and Medical Benefits*

The parties stipulated that Mr. Mitchell's injury arose primarily out of and in the course and scope of his employment. Therefore, the only issue the Court must address is the extent of permanent partial disability.

As this is a compensable claim, the Court holds Mr. Mitchell is entitled to reasonably necessary future medical treatment recommended by his authorized treating physician, Dr. Jones, under Tennessee Code Annotated section 50-6-204.

### *Permanent Disability Benefits*

The Court turns to the physicians' testimony regarding the competing impairment ratings, as well as the lay proof, to analyze whether Mr. Mitchell successfully rebutted the statutory presumption afforded Dr. Jones' rating by a preponderance of the evidence. For the following reasons, the Court finds he did not.

---

[3] MLGW offered the police report as an exhibit at the hearing. Mr. Mitchell, through counsel, objected to the admissibility of the police report. The Court took Mr. Mitchell's objection under advisement. The Court finds Officer Walters testified to his findings at the accident scene without any objection. The Court finds the police report is not relevant to the Court's holding in this Order and did not consider same.

In the doctors' depositions, Drs. Jones and Chung agreed the appropriate section for assigning impairment in the AMA Guides was "non-specific chronic, or chronic recurrent low back pain" found in Table 17-4. The distinction between the two ratings is that, based on their exams, Dr. Jones placed Mr. Mitchell in Class 0 and Dr. Chung placed him in Class 1. Upon analyzing Table 17-4, the Court notes Class 0 requires a "documented history of sprain/strain-type injury, now resolved, or occasional complaints of back pain with no objective findings on exam." The Court finds Dr. Jones' testimony and his normal exam findings at Mr. Mitchell's last visit support his assignment of Mr. Mitchell's spinal condition in Class 0. Dr. Jones testified extensively regarding the full neurological exams he performed on Mr. Mitchell at each visit and concluded,

> [W]e had no structural changes. We had nothing that looked like a ruptured disc. He had done extremely well. We didn't even have to do an MRI or anything like that on him. And so based on the fact that he was having no problems, we gave him a zero rating, which was in accordance with the sixth edition of the AMA Guides.

The Court notes Dr. Chung did not challenge the basis or correctness of Dr. Jones' opinions. Instead, he diagnosed discogenic back pain and assigned a Class 1 impairment, which requires a "documented history of sprain/strain type injury with continued complaints of axial and/or nonverifiable radicular complaints and similar findings on multiple occasions." The Court finds the totality of the medical proof failed to support Dr. Chung's assignment of Mr. Mitchell's spinal condition into Class 1 for impairment rating purposes. Dr. Jones adamantly disagreed with Dr. Chung's diagnosis of discogenic back pain, testifying that Mr. Mitchell did not exhibit discogenic back pain during the period he treated him. Dr. Jones also explained that discogenic pain "usually refers to a radicular type pain," which both Dr. Jones and Dr. Chung agreed that Mr. Mitchell never reported. Moreover, Class 1 requires "axial and/or nonverifiable radicular complaints and *similar findings on multiple occasions*." MLGW argued, and the Court agrees, that Dr. Chung only saw Mr. Mitchell on one occasion, and Dr. Jones' normal exam findings at his final visit do not support a conclusion that Mr. Mitchell demonstrated "similar findings on multiple occasions" as required to assign a patient impairment under Class 1.

Thus, upon thorough consideration of the preponderance of the evidence, the Court holds Mr. Mitchell did not rebut the presumption of correctness afforded Dr. Jones' impairment opinion and sets the impairment rating at zero percent to the whole person. It follows that Mr. Mitchell did not sustain any permanent partial disability.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Mitchell's request for permanent partial disability benefits is denied.

5

2. Mr. Mitchell shall receive lifetime future medical benefits pursuant to statute.

3. Costs of $150.00 are assessed against Memphis Light, Gas & Water, pursuant to Tenn. Comp. R. and Reg. 0800-02-21-.07 (2015), to be paid within five days of this order becoming final.

4. Memphis Light, Gas & Water shall prepare and file a statistical data form within ten business days of the date of this Order under Tennessee Code Annotated section 50-6-244.

5. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

**ENTERED this the 16th day of October, 2017.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

6

# APPENDIX

Stipulations:

1. Mr. Mitchell sustained an accidental injury in the course and scope of his employment on October 29, 2014.
2. Mr. Mitchell gave proper notice of his injury to MLGW.
3. Mr. Mitchell is forty-seven years old and resides in Shelby County, Tennessee.
4. Mr. Mitchell completed high school and two years of State Technical School.
5. Mr. Mitchell received authorized treatment from Dr. Riley Jones, and MLGW paid the authorized expenses of Dr. Jones' treatment.
6. Mr. Mitchell reached maximum medical improvement on December 3, 2014.
7. Mr. Mitchell did not miss any work as a result of the injury; therefore, MLGW owes no temporary disability benefits.
8. Mr. Mitchell returned to work at MLGW at the same or greater wage.
9. Mr. Mitchell's compensation rate is $848.00.

Exhibits:

1. First Report
2. Wage Statement
3. Panels (collective exhibit)
4. Medical records (collective exhibit)
5. Deposition of Dr. Riley Jones
6. Deposition of Samuel J. Chung

Technical record:[4]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Initial Hearing Order
4. Employer's List of Witnesses
5. Employer's Amended List of Witnesses
6. Joint Motion to Continue Compensation Hearing
7. Continuance Order
8. Amended Initial Hearing Order
9. Petition for Benefit Determination (post ADR)
10. Employer's Amended List of Witnesses
11. Employer's Trial Brief
12. Dispute Certification Notice (post-discovery)

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

13. Joint Pre-Compensation Hearing Statement
14. Employee's Lay Witness List
15. Employee's Expert Witness List
16. Order Granting Employee's Motion for Continuance of Compensation Hearing
17. Motion for Continuance
18. Order Granting Parties' Joint Motion for Continuance of Compensation Hearing
19. Motion to Continue Compensation Hearing
20. Order Granting Continuance of Compensation Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on the 16th day of October, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Christopher Taylor, Esq., Employee's Counsel | | | X | ctaylor@taylortoon.com sreynolds@taylortoon.com |
| Sean Hunt, Esq., Employer's Counsel | | | X | Sean@thehuntfirm.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9